UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------ x
FRANCIS ANDERSON,                 :
                                  :
          Petitioner,             :
                                  :
v.                                :   Civil No. 3:21-cv-692 (AWT)
                                  :
ANGEL QUIROS,                     :
                                  :
          Respondent.             :
------------------------------ x

## RULING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Francis Anderson, is currently incarcerated at Garner Correctional Institution ("Garner"). He has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his April 2016 convictions for assault in the second degree and reckless endangerment and the sentence imposed based on those convictions. For the reasons below, the amended petition is being dismissed.

### I.   PROCEDURAL BACKGROUND

The petitioner challenges his April 2016 convictions and sentence of five and one-half years on the ground that the attorney who represented him in a state habeas petition scheduled a date for the trial of the petition after the date on which the Department of Correction will discharge him from his current term of imprisonment. See ECF No. 16 at 2, 9.

On April 29, 2016, in <u>State v. Anderson</u>, Docket No. M09M-CR14-0204542-S, a judge found the petitioner guilty after a court trial of one count of assault in the second degree in violation of Connecticut General Statutes § 53a-60(a)(3) and four counts of reckless endangerment in violation of Connecticut General Statutes § 53a-64(a). <u>See</u> Am. Pet. Writ Habeas Corpus, ECF No. 16, at 2; <u>State v. Anderson</u>, Docket No. M09M-CR14-0204542-S, 2016 WL 2935629 (Conn. Super. Ct. Apr. 29, 2016). On September 12, 2016, a judge sentenced the petitioner to a total effective sentence of seven years, execution suspended after five and one-half years, and followed by two years of probation. <u>See</u> Am. Pet. Writ Habeas Corpus at 2, 23-24.  This sentence was to be served consecutively to an eight-year sentence the petitioner was serving at the time. <u>Id.</u> at 24. In addition to imposing a term of imprisonment and a term of probation, the judge "order[ed] that the [petitioner] receive mental health treatment to include a behavioral management approach or other specialized approach as recommended by Dr. Baranoski to include medication or in the alternative consideration for placement out of state at . . . the maximum security prison in Warren, Maine . . . referenced in Dr. Baranoski's report . . . ." <u>Anderson v. Comm'r of Correction</u>, 198 Conn. App. 320, 325 (2020).

On November 13, 2018, the Connecticut Appellate Court affirmed the petitioner's 2016 convictions for assault and

reckless endangerment. See State v. Anderson, 186 Conn. App. 73
(2018). On December 19, 2018, the Connecticut Supreme Court
denied the petition for certification to appeal the decision of
the Connecticut Appellate Court. See State v. Anderson, 330
Conn. 957 (2018).

On January 20, 2017, while the direct appeal of the
petitioner's convictions was pending, the petitioner filed a
motion to correct "an illegal disposition and/or sentence
imposed in an illegal manner." State v. Anderson, 187 Conn. App.
569, 580 (2019). The trial judge subsequently issued an oral
ruling denying in part and dismissing in part the motion to
correct illegal sentence. Id. at 582. On January 29, 2019, the
Connecticut Appellate Court affirmed the ruling denying in part
and dismissing in part the petitioner's motion to correct
illegal sentence. Anderson, 187 Conn. App. at 587. On May 1,
2019, the Connecticut Supreme Court denied the petition for
certification to appeal the decision of the Connecticut
Appellate Court. State v. Anderson, 331 Conn. 922 (2019).

On June 15, 2017, during the pendency of both the
petitioner's direct appeal of his convictions and the motion to
correct illegal sentence, the petitioner filed a petition for a
writ of habeas corpus in Connecticut Superior Court for the
Judicial District of Tolland at Rockville alleging that the
Department of Correction had been deliberately indifferent to

his serious mental health needs. See Am. Pet. Writ of Habeas
Corpus at 24; Anderson v. Comm'r of Correction, Docket No. TSR-
CV17-4008909-S (Pet. Writ Habeas Corpus – Docket Entry 1).[1] The
trial judge subsequently appointed an attorney to represent the
petitioner. See Am. Pet. Writ of Habeas Corpus at 25. On
December 12, 2017, counsel filed an emergency application for an
interim order in the state habeas proceeding "seeking to compel
the Department of Correction . . . to follow Dr. Baranoski's
treatment recommendations [for the petitioner that were]
contained in her report, which was attached as an exhibit." Am.
Pet. Writ of Habeas Corpus at 25; Anderson, 198 Conn. App. at
326. Counsel sought an expedited hearing on the application

---

[1] Information regarding this state habeas petition may be found
on the State of Connecticut Judicial Branch website at:
http://civilinquiry.jud.ct.gov under Superior Court Case Look-up
By Docket Number using TSR-CV17-4008909-S.  (Last visited on
January 25, 2022). The court may properly take judicial notice
of docket sheets as well as documents filed in other court
cases.  See Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir.
2006) (finding no error in district court's reliance on a docket
sheet in another case because "docket sheets are public records
of which the court could take judicial notice")(citation
omitted); Kavowras v. N.Y. Times Co., 328 F.3d 50, 57 (2d Cir.
2003) ("Judicial notice may be taken of public filings. . . .")
(citations omitted); White Plains Hous. Auth. v. Getty
Properties Corp., No. 13-CV-6282 NSR, 2014 WL 7183991, at *2
(S.D.N.Y. Dec. 16, 2014) ("Courts in this circuit routinely take
judicial notice of complaints and other publicly filed
documents.") (collecting cases); Lefkowitz v. Bank of New York,
676 F. Supp. 2d 229, 249 (S.D.N.Y. 2009) ("Judicial notice may
encompass the status of other lawsuits, including in other
courts, and the substance of papers filed in those actions.")
(citations omitted).

seeking an interim order regarding mental health treatment to be afforded to the petitioner. Anderson, 198 Conn. App. at 326.

On February 1, 2018, a judge held a hearing during which the petitioner's attorney presented the testimony of four mental health professionals, including Dr. Baranoski. Am. Pet. Writ of Habeas Corpus at 25; Anderson, 198 Conn. App. at 328-30. At the conclusion of the hearing, the judge denied the petition for writ of habeas corpus but did not rule on the emergency application for an interim order. Id.

On June 23, 2020, the Connecticut Appellate Court reversed the decision of the trial court denying the petition for writ of habeas corpus and remanded the matter for further proceedings. Anderson, 198 Conn. App. at 334. The petition remains pending in Connecticut Superior Court for the Judicial District of Tolland at Rockville. See Anderson v. Comm'r of Correction, Docket No. TSR-CV17-4008909-S. The trial is scheduled for February 2022.

## II.  LEGAL STANDARD

A prerequisite to habeas relief under Section 2254 is the exhaustion of all available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The exhaustion requirement seeks to promote considerations of comity and respect between the federal and

state judicial systems. See Davila v. Davis, 582 U.S. ___, 137 S. Ct. 2058, 2064, (2017).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." Id. at 32.

**III. DISCUSSION**

**A.    Representation by Attorney Hawk-Allen**

The amended petition raises one ground for relief. See Am. Pet. Habeas Corpus at 9. The petitioner claims that Attorney Laura Hawk-Allen deliberately chose a trial date in his state

habeas petition that was beyond the date he is due to be discharged from prison. Id. An attachment to the motion dated June 11, 2021 reflects that Attorney Hawk-Allen represented the petitioner as a special public defender in two petitions for writ of habeas corpus filed by the petitioner in Connecticut Superior Court: Anderson v. Comm'r of Correction, Docket No. TSR-CV17-4008909-S, and Anderson v. Comm'r of Correction, Docket No. TSR-CV19-5000117-S. See ECF No. 13-1. Nevertheless, the petitioner provides no information either in the amended petition or in the exhibit attached to the amended petition to suggest that he fully exhausted his claims regarding Attorney Hawk-Allen's representation in state court prior to filing this action. In addition, nothing in either case before Connecticut Superior Court indicates that the petitioner has fully exhausted these claims in state court. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Accordingly, this claim must be dismissed without prejudice for failure to fully exhaust state court remedies.

**B.   Additional Ground for Relief**

Attached to the amended habeas petition is a document that appears to be a copy of pages from a petition for writ of habeas

corpus the petitioner filed in state court. See Am. Pet. Writ of Habeas Corpus at 22-27. It describes the court's jurisdiction as arising under Connecticut General Statutes § 52-466(a)(1), which provides: "An application for a writ of habeas corpus . . . shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of such person's liberty." Id. at 22.

The petition includes one claim: "The Connecticut Department of Correction (DOC) is Acting with Deliberate Indifference to Petitioner's Serious Mental Health Needs." Id. at 26. In support of this claim, the petitioner asserts that the Department of Correction has been deliberately indifferent to his mental health needs in violation of the Eighth Amendment by failing to follow the treatment plan recommended by Dr. Baranoski, as ordered by the judge who sentenced him on September 12, 2016 in State v. Anderson, Docket No. No. M09M-CR14-0204542-S, and that the Department of Correction has subjected him to cruel and unusual punishment by failing to provide him with appropriate and adequate mental health treatment given his diagnosed mental health conditions and placement in solitary confinement. See id. at 26. The petitioner seeks an order directing the Department of Correction to comply with the sentencing judge's order that prison officials adopt

and follow Dr. Baranoski's mental health treatment plan and an order directing the judge assigned to his state habeas petition to schedule the case to be tried on a date before he is discharged from prison. See id. at 27.

This claim appears to be the same claim that petitioner asserted in one of his state habeas petitions, Anderson v. Comm'r of Correction, Docket No. TSR-CV17-4008909-S. See Anderson, 198 Conn. App. at 325; Anderson v. Comm'r of Correction, Appeal No. AC 41434 (appeal from judgment entered on February 1, 2018 in Docket No. TSR-CV17-4008909-S).[2] As stated above, on June 23, 2020, the Connecticut Appellate Court reversed the decision of the trial court dismissing that petition and remanded the matter to Connecticut Superior Court for further proceedings. Anderson, 198 Conn. App. at 334; Anderson v. Comm'r of Correction, Docket No. TSR-CV17-4008909-S (Docket Entries 136.00 to 138.00). On March 25, 2021, the petitioner filed an amended petition for writ of habeas corpus in that state court action. See Anderson v. Comm'r of Correction, Docket No. TSR-CV17-4008909-S (Docket Entry 142.00). The case is scheduled for trial in February 2022.

---

[2] Information regarding this appeal to the Connecticut Appellate Court may be found on the State of Connecticut Judicial Branch website at https://appellateinquiry.jud.ct.gov/ under Case Look-up by Docket Number, Appellate 41434. (Last visited on January 25, 2022).

To the extent that the petitioner intended to assert, in the present petition, the claim that the Department of Correction has been deliberately indifferent to his mental health needs by failing to comply with the sentencing judge's September 12, 2016 order that the Department follow the treatment plan recommended by Dr. Baranoski or by failing to otherwise provide him with appropriate treatment, he has not fully exhausted that claim. The state habeas petition, Anderson v. Comm'r of Correction, Docket No. TSR-CV17-4008909-S, in which he asserted the same claim, remains pending.

Furthermore, the petitioner does not assert facts to suggest that there is no opportunity for redress in state court in the pending state habeas petition or that the state court process is clearly deficient. Thus, he is not excused from exhausting his state court remedies before proceeding in federal court. See 28 U.S.C. 2254(b)(1)(B)(i)-(ii) (federal district court may consider a claim that has not been exhausted in state court if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the [petitioner]"); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (an exception to the exhaustion requirement is appropriate "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient" that any attempt to

secure relief in state court is rendered futile). Because the petitioner has not fully exhausted his state court remedies as to the claim that the Department of Correction has been deliberately indifferent to his mental health needs by failing to comply with the sentencing judge's September 12, 2016 order that the Department follow the treatment plan recommended by Dr. Baranoski or by failing to otherwise provide him with treatment, the amended petition is being dismissed without prejudice as to that claim for relief.

## IV.   CONCLUSION

For the reasons set forth above, the Amended Petition for Writ of Habeas Corpus (ECF No. 16) is hereby DISMISSED without prejudice.

The court concludes that jurists of reason would not find it debatable that the petitioner failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk shall close this case.

It is so ordered.

Dated this 26th day of January 2022, at Hartford,

Connecticut.

                                    /s/AWT
                            _____
                               Alvin W. Thompson
                            United States District Judge